Luis Fernando **MARSHALL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–92–01050–CR.

Court of Appeals of Texas, Dallas.

June 24, 1993.

Jane M. Corley, Dallas, for appellant.

Linda H. Green, Ass't. Dist. Atty., Dallas, for appellee.

Before BAKER, CHAPMAN and BARBER, JJ.

## OPINION

CHAPMAN, Justice.

Luis Marshall appeals his conviction for murder. Appellant pleaded guilty and the trial court sentenced him to life imprisonment. In one point of error, appellant contends the trial court erred in entering an affirmative deadly weapon finding. We affirm.

■ Appellant complains that the trial court erred in failing to orally pronounce that it made an affirmative deadly weapon finding. The trial court pronounced that appellant was sentenced to life confinement. Appellant was present when the trial court pronounced his sentence. The trial court did not orally pronounce that it found appellant used a deadly weapon, although this finding is reflected in the judgment.

Article 42.03, section 1(a) of the Texas Code of Criminal Procedure directs the trial court to pronounce the "sentence" in the defendant's presence. TEX.CODE CRIM.PROC. ANN. art. 42.03 (Vernon Supp.1992). A sentence is "that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law." TEX.CODE CRIM.PROC.ANN. art. 42.02 (Vernon Supp.1992); *see Thornton v. State,* 576 S.W.2d 407, 408 (Tex.Crim.App.1979).

■ As a practical matter, the trial court considers whether a defendant used a deadly weapon *before* deciding what sentence to impose. This is because, like a finding of "true" to an enhancement paragraph, a deadly weapon finding *affects* a defendant's sentence. *See* TEX.CODE CRIM.PROC.ANN. arts. 42.12, § 3(g), 42.18, § 8(b)(3) (Vernon Supp. 1992). A deadly weapon finding affects the defendant's eligibility for probation and parole. *See id.* The finding, however, is not a part of the sentence.

■ The Texas Code of Criminal Procedure lists what should be included in a judgment. *See* TEX.CODE CRIM.PROC.ANN. art. 42.01, § 1(9), (15), (21) (Vernon Supp.1992). Those portions concerning any deadly weapon finding are listed separately from the portions regarding the sentence. *See id.* This supports our holding that a deadly weapon finding is not a part of the sentence. Appellant pleaded guilty "as charged" and signed a judicial confession. The indictment charged appellant with the use of a deadly weapon. Therefore, appellant cannot claim he did not receive notice that such a finding would be made. In accepting a guilty plea to the indictment, the trial court made an implied finding that appellant used a deadly weapon. *See Keane v. State,* 677 S.W.2d 194, 198 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd).

■ There is nothing in the Texas Code of Criminal Procedure that requires the trial court to pronounce its finding regarding whether a deadly weapon was used. We hold an affirmative deadly weapon finding is not part of the defendant's sentence that must be pronounced by the trial court. It is not part of the trial court's order concerning the number of years to be served or the amount of the fine assessed. *See Thornton,* 576 S.W.2d at 408. The trial court did not err in failing to orally pronounce its finding that appellant used a deadly weapon. We overrule appellant's point of error.

The judgment of the trial court is affirmed.