**Ex parte Phillip Lee HUSKINS,
Applicant.**

No. AP–75153.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 2, 2005.

Jason M. Johnson, Comanche, for appellant.

Cynthia W. Hellstern, Asst. County & District Atty., Waxahachie, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

JOHNSON, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

In 2002, applicant plead guilty to deadly conduct, a third-degree felony. TEX. PENAL CODE § 22.05. The trial court deferred adjudication of guilt in accordance with a plea agreement and placed applicant on community supervision for three years. In 2004, the state moved for an adjudication of guilt. The trial court adjudicated applicant and orally sentenced him to eight years' imprisonment in the Texas Department of Criminal Justice—correctional institutions division (TDCJ–CID), but did not announce a deadly-weapon finding. In the written judgment and sentence, however, the trial court included an affirmative deadly-weapon finding.

Applicant asserts that the trial court's entry of an affirmative deadly-weapon finding violated TEX.CODE CRIM. PROC. art. 26.13(a)(2), TEX.CODE CRIM. PROC. art. 42.12 § 5(b), and his due process rights, thus rendering his plea involuntary and his sentence illegal. Specifically, applicant contends that TEX.CODE CRIM. PROC. art. 26.13(a)(2) requires a court to either follow the existing plea agreement made before the decision to adjudicate guilt or allow applicant to withdraw his previously entered guilty plea. This argument must fail.

In *Ditto v. State*, 988 S.W.2d 236 (Tex. Crim.App.1999),[1] we held that, unlike regular community supervision, "[u]pon violation of the deferred adjudication probations, the judges have no further obligation to comply with the plea bargains since the bargains had already been satisfied by the judges' initial sentencing." *Id.* at 239. Even if the parties purport to have a plea bargain as to the sentence to be assessed after adjudication, the trial court is not bound by the rules that apply to plea bargains at an original sentencing; "regardless of whether the deferred adjudication was part of a plea bargain, recommended by the prosecution, imposed by the trial court without objection by the appellant, or granted under other circumstances, once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits." *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex.Crim.App.1999).

---

1. *Ditto* was a consolidation of two cases, Anthony Ray Ditto and Lemar Ervin, both appealed to the same court of appeals.

■ Applicant also argues that the trial court lacked the authority to enter an affirmative deadly-weapon finding because the court failed to proceed as if adjudication had not been deferred pursuant to TEX.CODE CRIM. PROC. art. 42.12 § 5(b). Applicant relies on *Ditto*. As we noted in *Ditto,* the court of appeals misread TEX. CODE CRIM. PROC. art. 42.12 § 5(b) and based its ruling on *"[w]hen* a defendant's deferred` adjudication is revoked," rather than the actual words of the statute, *"[a]fter* an adjudication...." (Emphasis added.) "Only *after guilt has been adjudicated* do proceedings continue as if there had been no deferred adjudication. Accordingly, section 5(b) does not stand for the proposition that appellants were in a position to withdraw their pleas after the revocation of their deferred adjudication probations." *Id.* at 239. (Emphasis in original.)

Finally, applicant claims that his due-process rights were violated because the addition of the deadly-weapon finding destroyed his legitimate expectation of serving the sentence announced orally by the court.

■ A deadly-weapon finding may be made if a defendant used or exhibited a deadly weapon or he was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX.CODE CRIM. PROC. art. 42.12 § 3g(a)(2). This Court has previously held that a defendant is entitled to notice that the state intends to seek an affirmative deadly-weapon finding. *Narron v. State,* 835 S.W.2d 642, 643 (Tex.Crim.App.1992). The language in the indictment may provide sufficient notice if it alleges use of a deadly weapon. *Id.* (citing *Johnson v. State,* 815 S.W.2d 707, 709 (Tex.Crim.App.1991)).

A firearm is a deadly weapon *per se.* TEX. PENAL CODE § 1.07(a)(17)(A). In the instant case, the indictment stated that applicant "did then and there knowingly discharge a firearm at and in the direction of a vehicle, and [he] was then and there reckless as to whether the vehicle was occupied." Based on the language in the indictment, applicant had sufficient notice that the state would seek an affirmative finding. Furthermore, when applicant plead guilty to deadly conduct before being placed on deferred adjudication, he confessed that (1) he was the same person named in the indictment, and (2) that he committed the offense charged in the indictment. By properly admonishing applicant and then accepting his guilty plea to the indictment, the trial court necessarily determined that applicant used a deadly weapon in the commission of the offense. *Marshall v. State,* 860 S.W.2d 142, 143 (Tex.App.-Dallas 1993, no pet.).

■ Nevertheless, applicant asserts, pursuant to *Ex parte Madding,* 70 S.W.3d 131 (Tex.Crim.App.2002), that the inclusion of the deadly-weapon finding in the written judgment destroyed his legitimate expectation of serving the sentence announced orally by the court. According to TEX. CODE CRIM. PROC. art. 42.03, the sentence shall be pronounced in the defendant's presence. It is true that, when the oral pronouncement of the sentence and the written judgment differ, the oral pronouncement controls. *Madding,* 70 S.W.3d at 135. Applicant correctly cites these legal propositions, but he overlooks the fact that the expectation of having the oral pronouncement match the written judgment applies only to sentencing issues, such as the term of confinement assessed and whether multiple sentences will be served concurrently or consecutively.[2] A

---

**2.** *See Madding* at 135; *Coffey v. State,* 979 S.W.2d 326, 328 (Tex.Crim.App.1998). A

"sentence" includes "that part of the judgment ... that orders that the punishment be

deadly-weapon finding, however, is not part of the sentence. *State v. Ross,* 953 S.W.2d 748, 751 (Tex.Crim.App.1997). While a deadly-weapon finding does affect a defendant's eligibility for probation and parole, it does not alter the range of punishment to which the defendant is subject, or the number of years assessed.[3] A deadly-weapon finding may affect how the sentence is served, but it is not part of the sentence.[4] Thus, a trial court is not required to orally announce a deadly-weapon finding at sentencing if the allegation of use of a deadly weapon is clear from the face of the indictment.

The trial court properly included an affirmative deadly-weapon finding in the written judgment. Relief is denied.

MEYERS, J., dissented.

---

carried into execution in the manner prescribed by law." Tᴇx.Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 42.02.

3. Tᴇx. Gᴏv'ᴛ Cᴏᴅᴇ §§ 508.145; 508.149; 508.151.

4. *Ross,* 953 S.W.2d at 750–51.