COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JUAN DIAMOND SAMARRIPAS,

Appellant,

v.

THE STATE OF TEXAS,

Appellee.

§
§
§
§
§
§
§

No. 08-12-00301-CR

Appeal from the

432nd District Court

of Tarrant County, Texas

(TC# 1209853D)

## **O P I N I O N**

Juan Diamond Samarripas appeals the trial court's judgment convicting him of engaging in organized criminal activity, to wit:   aggravated assault with a deadly weapon, to wit:   a firearm. In a single issue, Samarripas argues the trial court erred in sentencing him to 15 years' in prison. We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

Samarripas was charged in a multi-count indictment with, *inter alia*, the felony offense of engaging in organized criminal activity by committing aggravated assault with a deadly weapon. At trial, Samarripas pled guilty to the offense and judicially confessed, in pertinent part, that he used a deadly weapon.   After examining Samarripas and admonishing him, the trial court accepted his guilty plea, but deferred sentencing until a presentence investigation report could be completed.   At the sentencing hearing, the trial court pronounced punishment, but did not

announce a deadly-weapon finding. In the written judgment and sentence, however, the trial court included an affirmative deadly-weapon finding.

## DISCUSSION

Samarripas asserts that "[i]t was not . . . appropriate for the [trial] court to assess a fifteen year sentence because without a deadly weapon finding, the underlying offense . . . simple assault . . . is a third-degree felony punishable by two to ten years . . . ." Although unclear from his brief, Samarripas appears to be arguing that the trial court's written judgment erroneously reflects that he used a deadly weapon in the commission of the charged offense because the trial court did not announce it was making such a finding when pronouncing his sentence.[1] We disagree.

A trial court is under no obligation to pronounce an affirmative deadly-weapon finding at sentencing to properly include that finding in its written judgment. *See Marshall v. State*, 860 S.W.2d 142, 143 (Tex.App.--Dallas 1993, no pet.)(holding that trial court did not err in failing to announce its finding that appellant used a deadly weapon at sentencing because no provision in the Texas Code of Criminal Procedure requires that announcement and because an affirmative deadly weapon finding is not part of the defendant's sentence that must be pronounced by the trial court); *Huskins*, 176 S.W.3d at 821 (holding that trial court properly included an affirmative deadly-weapon finding in its written judgment because, among other reasons, "a trial court is not required to orally announce a deadly-weapon finding at sentencing if the allegation of use of a

---

[1] In making this argument, Samarripas seems to believe that the alleged lack of deadly-weapon finding alters the range of punishment to which he is subject. Samarripas is mistaken. "While a deadly-weapon finding does affect a defendant's eligibility for probation and parole, it does not alter the range of punishment to which the defendant is subject, or the number of years assessed[]" because a deadly-weapon finding--though affecting how the sentence is served--is not part of the sentence. *Ex parte Huskins*, 176 S.W.3d 818, 820-21 (Tex.Crim.App. 2005), *citing State v. Ross*, 953 S.W.2d 748, 750-51 (Tex.Crim.App. 1997). Moreover, because a deadly-weapon finding is not part of the sentence, the statutory requirement that the trial court pronounce the defendant's sentence in his presence does not apply. TEX.CODE CRIM.PROC.ANN. art. 42.03, § 1(a)(West Supp. 2013); *Huskins*, 176 S.W.3d at 820-21; *Ross*, 953 S.W.2d at 751.

deadly weapon is clear from the face of the indictment"). To properly include an affirmative deadly-weapon finding in its written judgment, a trial court is required to make an "affirmative finding," *i.e.*, an "express determination" that a deadly weapon was used or exhibited. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g(a)(2)(West Supp. 2013); *Lafleur v. State*, 106 S.W.3d 91, 94-5 (Tex.Crim.App. 2003); *Polk v. State*, 693 S.W.2d 391, 393 & n.1 (Tex.Crim.App. 1985).

However, a trial court is not always required to make an express determination that a deadly weapon was used or exhibited. In cases like this one, where the defendant is properly admonished by the trial court and pleads guilty to an indictment that, on its face, clearly alleges the use of a deadly weapon, no separate, express finding of a deadly weapon is required because, in accepting the defendant's plea and adjudicating guilt, the trial court necessarily makes a finding that the defendant used a deadly weapon. *See Huskins*, 176 S.W.3d at 820 (concluding that trial court was authorized to make deadly-weapon finding because it properly admonished defendant and accepted his guilty plea to the indictment charging defendant with using a deadly weapon); *Ex parte Empey*, 757 S.W.2d 771, 774 (Tex.Crim.App. 1988)(holding that an affirmative deadly weapon finding arose as a matter of law when indictment charged use of a deadly weapon and trial court found defendant guilty as alleged in indictment); *Marshall*, 860 S.W.2d at 143 (holding no express finding was required when, by properly admonishing defendant and accepting his guilty plea "to indictment" that charged him with using a deadly weapon, trial court necessarily found defendant used a deadly weapon). Thus, under the circumstances here, the trial court was not required to make a separate, express finding--oral or otherwise--that Samarripas used a deadly weapon. *See Huskins*, 176 S.W.3d at 821; *Empey*, 757 S.W.2d at 774; *Marshall*, 860 S.W.2d at 143.

3

Appellant's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


January 31, 2014

                                YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)