

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00440-CR

HUMBERTO MARTINEZ-BENITEZ                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-2013-0158-B

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Humberto Martinez-Benitez appeals his conviction for murder. In three points, he challenges the judgment's affirmative deadly weapon finding and argues that his trial counsel was ineffective. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

Appellant has three cousins—Josue, Jacob, and Humero. All four lived in the same mobile home community. One night in November 2012, Appellant spent several hours drinking beer with Jacob and Humero on Jacob's porch. When Josue came by later in the night, Jacob and Appellant were drunk and arguing; Jacob was talking about his mother's house being shot at, and Appellant said, "I can shoot whoever I want and my hand doesn't tremble." Josue told Jacob and Appellant to stop arguing and to go to sleep, but Appellant grabbed Jacob's arm and told him that he wanted to drink with him. About fifteen minutes later, after Humero had gone to sleep and Josue had returned to his home, Josue heard shooting and went outside, where he saw Appellant and his son driving away and Jacob lying on the ground. Jacob had been shot in the head and chest and was dead. Police stopped Appellant's vehicle for speeding about twenty minutes later and took Appellant into custody upon receiving a dispatch about the shooting. Authorities discovered a loaded gun under the vehicle's passenger seat.

A grand jury indicted Appellant for committing murder by "shooting Jacob Benitez-Gutierrez with a firearm." Appellant entered an open plea of guilty, pleaded true to an enhancement allegation, and elected to have the jury assess his punishment. Appellant testified that, although he felt scared, he shot Jacob because Jacob had "mistreated" him by telling him that he was old and "didn't

2

amount to anything." The jury assessed Appellant's punishment at ninety years' confinement. The judgment of conviction—under the heading "Findings on Deadly Weapon"—states "Yes, a Firearm."

### III. DEADLY WEAPON FINDING

Appellant argues in his first point that the deadly weapon finding contained in the judgment of conviction is invalid because (i) the indictment did not expressly state that the firearm used by Appellant to murder Jacob was a "deadly weapon" and (ii) neither the charge nor the verdict at punishment expressly incorporated or referred to the indictment. The record, however, reflects that Appellant voluntarily entered an open plea of guilty to the offense as alleged in the indictment. "If a defendant pleads guilty to an indictment that includes an allegation that he used a deadly weapon, the trial court may make a deadly weapon finding." *Meza v. State*, No. 01-97-01345-CR, 1999 WL 11742, at *2 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (not designated for publication); *Alexander v. State*, 868 S.W.2d 356, 361 (Tex. App.—Dallas 1993, no pet.); *see Hella v. State*, No. 07-06-00460-CR, 2008 WL 5000019, at *1–2 (Tex. App.—Amarillo Nov. 25, 2008, no pet.) (mem. op., not designated for publication). Indeed, in *Ex parte Huskins*, the indictment alleged that the applicant "did then and there knowingly discharge a firearm at and in the direction of a vehicle, and [he] was then and there reckless as to whether the vehicle was occupied." 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). Responding to the applicant's

3

challenge to an affirmative deadly weapon finding, the court of criminal appeals explained,

> when applicant plead guilty to deadly conduct before being placed on deferred adjudication, he confessed that (1) he was the same person named in the indictment, and (2) that he committed the offense charged in the indictment. By properly admonishing applicant and then accepting his guilty plea to the indictment, the trial court necessarily determined that applicant used a deadly weapon in the commission of the offense.

*Id.*

Here, the following exchange occurred just before voir dire:

> The Court: And is it then your understanding that there is no plea-bargain agreement with the State and that you are going upon a plea of guilty open to the jury for punishment?
>
> [Appellant]: Yes.
>
> The Court: And then I will ask you, are you guilty of the offense of murder as alleged in the indictment and confess that you did so as set out in the indictment?
>
> [Appellant]: Yes.
>
> The Court: And you understand the consequences of that plea?
>
> [Appellant]: Yes.
>
> The Court: And you've gone over all of that with your attorney?
>
> [Appellant]: Yes.
>
> The Court: And is that your signature?
>
> [Appellant]: Yes.

4

The Court: Do you swear to everything that you've signed in this paperwork?

[Appellant]: Yes.[2]

By pleading guilty to the offense as alleged in the indictment, Appellant confessed that he was the same person named in the indictment and that he committed the offense as alleged therein. *See id.* And by properly admonishing Appellant and accepting his guilty plea to the indictment, the trial court necessarily determined that Appellant used a deadly weapon in the commission of the murder. *See id.*; *Marshall v. State*, 860 S.W.2d 142, 143 (Tex. App.— Dallas 1993, no writ). The trial court was therefore authorized to enter an affirmative deadly weapon finding in the judgment of conviction, and it matters not that neither the charge nor the verdict on punishment expressly incorporated or referred to the indictment. *See Huskins*, 176 S.W.3d at 820; *Aguilar v. State*, Nos. 05-12-00219-CR, 05-12-00220-CR, 2012 WL 4373692, at *1 (Tex. App.— Dallas Sept. 26, 2012, pet. ref'd) (mem. op., not designated for publication) ("Appellant's judicial confession sufficiently supports the deadly weapon finding contained in the judgment."); *Meza*, 1999 WL 11742, at *2; *see also Hella*, 2008 WL 5000019, at *1 (stating that "a plea of guilty before the jury admits the existence of all elements necessary to establish guilt and, in such cases, the introduction of evidence by the State is only to enable the jury to intelligently exercise the discretion which the law vests in them to determine punishment").

---

[2]Appellant again entered a plea of guilty after the jury was seated.

Appellant complains that the indictment failed to explicitly describe the firearm as a "deadly weapon," but a firearm is a deadly weapon per se. *See* Tex. Penal Code Ann. § 1.07(a)(17)(A) (West Supp. 2015). By alleging that Appellant committed murder by "shooting Jacob Benitez-Gutierrez with a firearm," Appellant "had sufficient notice that the state would seek an affirmative [deadly weapon] finding." *Huskins*, 176 S.W.3d at 820; *see Ex parte Campbell*, 716 S.W.2d 523, 527 (Tex. Crim. App. 1986) (concluding that deadly weapon finding was not improper because indictment charged applicant with murder by shooting victim "with a handgun," a per se deadly weapon, and jury found applicant guilty "as charged in the indictment"). We overrule Appellant's first point.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant raises ineffective assistance claims in his second and third points. To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson*, 9 S.W.3d at 813–14. In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient. *Nava*, 415 S.W.3d at 307–08.

It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308.

7

Appellant argues in his second point that trial counsel was ineffective because he "invited the jury to impose a lengthy sentence of confinement in order to protect Appellant from a drug trafficker who had killed a member of Appellant's family." Trial counsel did no such thing. He strenuously argued that the facts of the case did not warrant a life sentence and that "15 years is enough time for [Appellant] to serve in prison." Appellant's argument is simply an extension of a cursory, somewhat offhand remark made by one of the prosecutors in response to trial counsel's closing argument. Appellant has not established that trial counsel's performance at closing argument was deficient. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. We overrule Appellant's second point.

In his third point, Appellant argues that trial counsel was ineffective for not arguing self-defense. Appellant contends that in determining whether to argue self-defense, trial counsel should have additionally considered the evidence that Jacob was "coming at" Appellant just before Appellant shot Jacob and the evidence regarding Appellant's "family background"—that Appellant feared one of Jacob's relatives, who was a member of a Mexican cartel. Appellant filed a motion for new trial, but he did not raise ineffective assistance, nor has trial counsel otherwise had an opportunity to explain his actions, including what he did and did not consider in determining not to argue self-defense. We disagree with Appellant that trial counsel's reasoning is shown on the record, and we

decline to speculate as to whether a different trial strategy might have been more successful. *See Menefield*, 363 S.W.3d at 593. Appellant has not established that trial counsel was deficient for not arguing self-defense. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Therefore, we overrule Appellant's third point, and we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: GARDNER, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 17, 2015