**AFFIRMED as MODIFIED; Opinion Filed March 27, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00124-CR
### No. 05-18-00125-CR

**CHRISTIAN DIOR CONNER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-56395-M, F17-56396-M**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

Christian Dior Conner was convicted and sentenced after pleading guilty to charges of evading arrest or detention in a motor vehicle[1] and aggravated robbery.[2] He requests modification of the trial court's judgments of conviction. We affirm the judgments as modified in this opinion.

We are authorized to modify incorrect judgments when the record provides the necessary information. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). This authority requires neither a request from a party nor an objection raised in the trial court. *Asberry*, 813 S.W.2d at 529–30.

---

[1] No. F17-56395-M in the trial court; No. 05-18-00124 on appeal.

[2] No. F17-56396-M in the trial court; No. 05-18-00125 on appeal.

In his first issue, Conner correctly points out that the judgment in the aggravated-robbery case erroneously fails to reflect both his true plea to the enhancement paragraph and the trial court's finding that the enhancement paragraph was true. We therefore modify the judgment in trial-court cause No. F17-56396-M to reflect a plea of "TRUE" to the first enhancement paragraph and a finding of "TRUE" with respect to that enhancement paragraph.

In his second issue, Conner correctly points out that the judgment in the aggravated-robbery case cites the incorrect statute for the trial court's deadly-weapon finding. The correct statute is article 42A.054(c) of the Texas Code of Criminal Procedure. We therefore modify the judgment in trial-court cause No. F17-56396-M to replace the citation to "TEX. CODE CRIM. PROC. art. 42.12 §3g" with a citation to "TEX. CODE CRIM. PROC. art. 42A.054(c)."

In his third issue, Conner contends the judgment in the evading-arrest case erroneously spells his name "CHRISTION." He requests that we modify the judgment to reflect the correct spelling of his name: "Christian Dior Conner." As the State correctly points out, however, the indictment spells Conner's first name "CHRISTON." And Conner never moved to have his name changed in the trial court. Nevertheless, the State does not object to Conner's requested change on appeal, and we are convinced the "CHRISTION" spelling—which appears in the judgment's caption and nowhere else in the record—is erroneous. Conner spelled his first name "Christian" in his pro se motions, that spelling appears frequently throughout the record (as well as in the judgment itself), and it is consistent with the spelling used in both his current and previous armed-robbery cases.[3] We therefore are convinced the record sufficiently establishes the correct spelling of Conner's first name as "Christian," and we modify the judgment in trial-court cause No. F17-

---

[3] The arrest-warrant affidavit, service writ, Judicial Confession, Trial Docket, and Bill of Costs also spelled Conner's first name "CHRISTON." But the Arraignment Sheet, Instructions Relating to Preliminary Initial Appearance, Election of Counsel, Appointment of Counsel for Indigent Defendant, Certification of Defendant's Right of Appeal, State's Motion to Strike Words or Paragraphs of the Indictment, and the Plea Agreement all spell his first name "CHRISTIAN."

56395-M to reflect that the Defendant's name is "Christian Dior Conner." *See Asberry*, 813 S.W.2d at 529–30.

In his fourth issue, Conner contends the judgment in the evading-arrest case incorrectly reflects the statute under which he was convicted. The judgment lists the statute of offense as "38.04 Penal Code," which is correct but not as precise as it could be. Section 38.04(a) sets out the elements of the offense, and 38.04(b) describes various punishments. Here, section 38.04(b)(2)(A) accurately describes the punishment for Conner's offense. We modify that part of the judgment in trial-court cause No. F17-56395-M to more accurately reflect that the trial court found Conner guilty pursuant to "Penal Code § 38.04(a), (b)(2)(A)."

Finally, Conner contends in his fifth issue that the judgment in the evading-arrest case incorrectly lists a finding that he used a deadly weapon. It is true the trial court did not orally announce a deadly-weapon finding at the plea hearing. But announcing a deadly-weapon finding orally is necessary only "if the allegation of use of a deadly weapon is [not] clear from the face of the indictment." *Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005). In this case, use of a deadly weapon was clearly alleged in the indictment as an enhancement, and Conner judicially confessed to its use. Conner thus had notice that such a finding would be sought, the evidence was sufficient to support the finding, and the trial court was permitted to include it in the judgment without first orally announcing it at sentencing. *See id.*; *Marshall v. State*, 860 S.W.2d 142, 143 (Tex. App.—Dallas 1993, no pet.). The deadly-weapon finding in the judgment is therefore not erroneous, and we overrule Conner's fifth issue.

We also note that—given the trial court's clear finding that a deadly weapon was used as alleged in the indictment's first enhancement paragraph—the judgment's statement that there was no applicable finding on that enhancement paragraph is inaccurate. Further, the judgment incorrectly indicates there was no applicable plea to the first enhancement paragraph, despite the

Plea Agreement's statement that Conner pleaded not true as to that enhancement paragraph. We therefore modify the judgment in trial-court cause No. F17-56395-M to reflect a plea of "NOT TRUE" to the first enhancement paragraph and a finding of "TRUE" as to that enhancement paragraph.

We affirm the trial court's judgments as modified.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

180124F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTIAN DIOR CONNER, Appellant

No. 05-18-00124-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-56395-M.
Opinion delivered by Justice Carlyle.
Justices Bridges and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

1.  The judgment is modified to reflect that the Defendant's name is "Christian Dior Conner."
2.  The judgment is modified to reflect that the trial court found Conner guilty pursuant to "Penal Code § 38.04(a), (b)(2)(A)."
3.  The judgment is modified to reflect a plea of "NOT TRUE" to the first enhancement paragraph and a finding of "TRUE" as to that enhancement paragraph.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of March, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTIAN DIOR CONNER, Appellant

No. 05-18-00125-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-56396-M.
Opinion delivered by Justice Carlyle.
Justices Bridges and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

1. The judgment is modified to reflect a plea of "TRUE" to the first enhancement paragraph and a finding of "TRUE" with respect to that enhancement paragraph.
2. The judgment is modified to replace the citation to "TEX. CODE CRIM. PROC. art. 42.12 §3g" with a citation to "TEX. CODE CRIM. PROC. art. 42A.054(c)."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of March, 2019.