Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





NSHAN KHUDANYAN,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-05-00368-CR

Appeal from
282nd District Court

of Dallas County, Texas

(TC # F-0314213-QS)



 

 

 




O P I N I O N

            Nshan Khudanyan


 appeals his manslaughter conviction. Appellant waived his right to a jury
trial and entered a plea of no contest


 to the indictment which alleged that he committed murder by
striking Vladimir Mozhayev with a bottle. The trial court found Appellant guilty of manslaughter,
a second degree felony, and assessed his punishment at a fine of $1,000 and imprisonment for eight
years. The court also entered a deadly weapon finding in the judgment. We modify the judgment
to reflect that Appellant’s name is Nshan Khudanyan and that he entered a plea of no contest rather
than not guilty. We affirm the judgment as so modified.
FACTUAL SUMMARY
            On September 26, 2003, Dan Arenberg and Vladimir Mozhayev went to a restaurant known
as Avanti’s in Addison, Texas. The two men, who are from Russia, liked to go to Avanti’s because
it featured Russian music and many other Russians went there. They ran into some female friends
and sat on the outdoor patio with them. While Arenberg was dancing with one of the young women
in their group, Appellant suddenly approached Arenberg and yelled in his face. Arenberg did not
react to the provocation and his dance partner told Appellant to relax because she knew Arenberg
and Mozhayev. Arenberg and Mozhayev remained with the group of women until nearly closing
time. As he walked out, Arenberg saw the same woman he had been dancing with earlier seated at
a table and talking with Mozhayev. Arenberg knew she was returning to Russia the next day, so he
said, “[G]ood luck, say hello to the Motherland.” Appellant, who was seated nearby, became angry
and started cussing Arenberg in Russian. Angry, Arenberg invited him to go outside and talk. As
he proceeded outside, Arenberg turned around and saw Appellant and three other men following
him. Once outside, Arenberg punched Appellant in the chin, and all four men began punching and
kicking him until his face was bleeding. The beating continued for a while but eventually the group
stopped beating Arenberg and left him alone. Bleeding from the face, Arenberg made his way back
into the restaurant to find Mozhayev and he heard Appellant screaming, “Don’t come back to
restaurant!” After he found Mozhayev, a fight broke out between Appellant’s group, which included
several women, and Arenberg and Mozhayev. Arenberg could not see because blood was getting
into his eyes and one of the women was holding his hair while the men hit him. The owner of the
restaurant and a patron saw Appellant pick up a bottle of wine from a rack and strike Mozhayev’s
head with it.



            Once the fight was over, Arenberg went into the restroom to find tissue for his face and head
wounds. When he exited, he saw that police officers had arrived and they escorted him outside. 
Arenberg and Mozhayev sat on a bench together outside of the restaurant and had a short
conversation. Seconds after telling Arenberg that someone had hit him in the head with a bottle,
Mozhayev became unconscious and collapsed. Mozhayev was taken to a hospital and subsequently
died of a closed head injury despite emergency cranial surgery.
            A grand jury returned a two-paragraph murder indictment against Appellant. The first
paragraph alleged that Appellant caused Mozhayev’s death by striking him with a bottle. The second
paragraph alleged that Appellant, while intending to cause serious bodily injury to Mozhayev,
committed an act clearly dangerous to human life by striking Mozhayev with a bottle. Both
paragraphs alleged that the bottle was a deadly weapon.
            Appellant waived his right to a jury trial and entered a plea of no contest to the indictment. 
At the conclusion of the guilt-innocence phase, the court found that the evidence substantiated
finding Appellant guilty of manslaughter,


 but the judge deferred making a formal adjudication of
guilt until a pre-sentence investigation report could be prepared.


 At the conclusion of the sentencing
hearing, the court formally found Appellant guilty of manslaughter and assessed his punishment at
a fine of $1,000 and imprisonment for eight years. The trial court did not include the deadly weapon
finding in the pronouncement of sentence, but the court included an affirmative deadly weapon
finding in the judgment signed on the same date.
DEADLY WEAPON FINDING
            In his sole point of error, Appellant contends that the deadly weapon finding should be
deleted from the judgment because the trial court did not include the deadly weapon finding in the
pronouncement of sentence. Appellant concedes that the State gave him adequate notice that it
intended to seek a deadly weapon finding, but he argues that due process requires that he also be
given formal notice that the trial court had made the deadly weapon finding or would include it in
the judgment. Appellant cites Article 42.03 of the Code of Criminal Procedure in support of his
argument.
            A deadly weapon finding may be made if a defendant used or exhibited a deadly weapon or
he was a party to the offense and knew that a deadly weapon would be used or exhibited. See
Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(2)(Vernon Pamph. 2006). A defendant is entitled
to notice that the State intends to seek an affirmative deadly weapon finding. Ex parte Huskins, 176
S.W.3d 818, 820 (Tex.Crim.App. 2005). The language in the indictment may provide sufficient
notice if it alleges use of a deadly weapon. Id. 
            As Appellant correctly notes, the Code of Criminal Procedure requires that sentence be
pronounced orally in the defendant’s presence. Tex.Code Crim.Proc.Ann. art. 42.03, § 1(a);
Ex parte Madding, 70 S.W.3d 131, 135 (Tex.Crim.App. 2002). The judgment, including the
sentence assessed, is just the written declaration and embodiment of that oral pronouncement. 
Madding, 70 S.W.3d at 135. When there is a conflict between the oral pronouncement of sentence
and the sentence in the written judgment, the oral pronouncement controls. Thompson v. State, 108
S.W.3d 287, 290 (Tex.Crim.App. 2003); Madding, 70 S.W.3d at 135. The expectation of having
the oral pronouncement match the written judgment applies only to sentencing issues, such as the
term of confinement assessed and whether multiple sentences will be served concurrently or
consecutively. Ex parte Huskins, 176 S.W.3d at 820. A deadly weapon finding is not part of the
sentence. Id. at 821; State v. Ross, 953 S.W.2d 748, 751 (Tex.Crim.App. 1997). Thus, there is no
requirement that the court include the deadly weapon finding in the pronouncement of sentence. 
Appellant’s sole point of error is overruled. We affirm the judgment as modified.
 
December 7, 2006                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment, not participating

(Do Not Publish)