**Opinion filed January 6, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00147-CR

_____

## ROBERTO CERDA ESQUIVEL, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**
**Haskell County, Texas**
**Trial Court Cause No. 6302**

## MEMORANDUM OPINION

This is an appeal from a judgment adjudicating guilt. We affirm.

Roberto Cerda Esquivel, Jr. originally entered a plea of guilty to the offense of aggravated assault with a deadly weapon. Pursuant to the plea bargain agreement, the trial court deferred the adjudication of guilt, placed appellant on community supervision for two years, and assessed a fine of $500. After a hearing on the State's motion to adjudicate, the trial court found that appellant had violated the terms and conditions of his community supervision, revoked his community supervision, adjudicated his guilt, imposed a sentence of confinement for ten years, and assessed a fine of $135.

In his sole issue on appeal, appellant argues that the trial court erred when it entered a deadly weapon finding in its judgment. Appellant contends that the written deadly weapon finding in the judgment is void because the trial court failed to orally pronounce the deadly weapon finding in open court when it adjudicated his guilt.

Appellant waived an indictment and entered a plea of guilty to the offense alleged in the information. The information alleged that appellant committed the offense of aggravated assault with a deadly weapon by pointing a handgun at the victim. The information further alleged that appellant used and exhibited a deadly weapon – a firearm – in the commission of the offense. In his stipulation of evidence and judicial confession, appellant stated that he used a firearm in the commission of the offense. In the order deferring adjudication of guilt, the trial court noted that a deadly weapon – a firearm – had been used in the commission of the offense.

At the conclusion of the proceedings on the State's motion to adjudicate, the trial court recounted appellant's "history of assault" and advised him of the seriousness of the consequences of his violation of deferred adjudication community supervision, stating:

> The Court believes that you should be punished and that your punishment should reflect how serious this matter is. A firearm was used in this case. As such, after reviewing the evidence in this matter and the defendant having nothing to say, it's the order of the Court that you, Roberto Cerda Esquivel, Jr., who has been adjudged to be guilty of the offense of aggravated assault with a deadly weapon, a felony, in Cause No. 6302, whose punishment will be assessed at 10 years' imprisonment in the Texas Department of Criminal Justice – Institutional Division.

In *Ex parte Huskins*, 176 S.W.3d 818 (Tex. Crim. App. 2005), the Court of Criminal Appeals addressed a similar situation as is present in this case. Huskins had pleaded guilty to deadly conduct. The indictment included the allegation that a deadly weapon – a firearm – was used. Huskins was placed on deferred adjudication community supervision. When the trial court revoked the community supervision and adjudicated Huskins's guilt, the trial court sentenced Huskins to confinement. While no mention of a deadly weapon finding was made in open court, the trial court entered a deadly weapon finding in the written judgment. The Court of Criminal Appeals found that the trial court did not err when it included the deadly weapon finding, stating:

> While a deadly-weapon finding does affect a defendant's eligibility for probation and parole, it does not alter the range of punishment to which the defendant is subject, or the number of years assessed. A deadly-weapon finding may affect how the sentence is served, but it is not part of the sentence. Thus, a

2

trial court is not required to orally announce a deadly-weapon finding at sentencing if the allegation of use of a deadly weapon is clear from the face of the indictment (*footnotes omitted*).

*Id.* at 821.

Appellant acknowledges the holding in *Huskins* but argues that the rule set forth in *Huskins* "has substantial potential for abuse." Appellant asks this court not to apply the rule set forth by the Court of Criminal Appeals in *Huskins*. We decline appellant's request.

The trial court did not err by entering a deadly weapon finding in its written judgment. The sole issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


January 6, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.