Opinion filed January 6,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00147-CR 

                                                    __________

 

                      ROBERTO
CERDA ESQUIVEL, JR., Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 39th District Court

                                                           Haskell
County, Texas

                                                       Trial
Court Cause No. 6302

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from a judgment adjudicating guilt.  We affirm.

            Roberto
Cerda Esquivel, Jr. originally entered a plea of guilty to the offense of
aggravated assault with a deadly weapon.  Pursuant to the plea bargain
agreement, the trial court deferred the adjudication of guilt, placed appellant
on community supervision for two years, and assessed a fine of $500.  After a
hearing on the State’s motion to adjudicate, the trial court found that
appellant had violated the terms and conditions of his community supervision,
revoked his community supervision, adjudicated his guilt, imposed a sentence of
confinement for ten years, and assessed a fine of $135.  

            In
his sole issue on appeal, appellant argues that the trial court erred when it
entered a deadly weapon finding in its judgment.  Appellant contends that the
written deadly weapon finding in the judgment is void because the trial court
failed to orally pronounce the deadly weapon finding in open court when it
adjudicated his guilt.

            Appellant
waived an indictment and entered a plea of guilty to the offense alleged in the
information.  The information alleged that appellant committed the offense of
aggravated assault with a deadly weapon by pointing a handgun at the victim.  The
information further alleged that appellant used and exhibited a deadly weapon –
a firearm – in the commission of the offense.  In his stipulation of evidence
and judicial confession, appellant stated that he used a firearm in the
commission of the offense.  In the order deferring adjudication of guilt, the
trial court noted that a deadly weapon – a firearm – had been used in the commission
of the offense.

At
the conclusion of the proceedings on the State’s motion to adjudicate, the
trial court recounted appellant’s “history of assault” and advised him of the
seriousness of the consequences of his violation of deferred adjudication
community supervision, stating:

The
Court believes that you should be punished and that your punishment should
reflect how serious this matter is.  A firearm was used in this case.  As such,
after reviewing the evidence in this matter and the defendant having nothing to
say, it’s the order of the Court that you, Roberto Cerda Esquivel, Jr., who has
been adjudged to be guilty of the offense of aggravated assault with a deadly
weapon, a felony, in Cause No. 6302, whose punishment will be assessed at 10
years’ imprisonment in the Texas Department of Criminal Justice – Institutional
Division.

 

       In Ex parte Huskins, 176 S.W.3d 818 (Tex. Crim. App. 2005),
the Court of Criminal Appeals addressed a similar situation as is present in
this case.  Huskins had pleaded guilty to deadly conduct.  The indictment
included the allegation that a deadly weapon – a firearm – was used.  Huskins
was placed on deferred adjudication community supervision.  When the trial
court revoked the community supervision and adjudicated Huskins’s guilt, the
trial court sentenced Huskins to confinement.  While no mention of a deadly
weapon finding was made in open court, the trial court entered a deadly weapon
finding in the written judgment.  The Court of Criminal Appeals found that the
trial court did not err when it included the
deadly weapon finding, stating:

While a deadly-weapon finding does affect a defendant’s
eligibility for probation and parole, it does not alter the range of punishment
to which the defendant is subject, or the number of years assessed.  A deadly-weapon finding may affect how the sentence
is served, but it is not part of the sentence.  Thus, a trial court is not required to orally
announce a deadly-weapon finding at sentencing if the allegation of use of a
deadly weapon is clear from the face of the indictment  (footnotes
omitted).  


Id. at 821.

            Appellant acknowledges the holding in Huskins but
argues that the rule set forth in Huskins “has substantial potential for
abuse.”  Appellant asks this court not to apply the rule set forth by the Court
of Criminal Appeals in Huskins.  We decline appellant’s request.

            The trial court did not err by entering a deadly weapon
finding in its written judgment.  The sole issue is overruled.

            The judgment of the trial court is affirmed.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

January 6, 2011

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.