In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00405-CR
_____

DAVID TORRES JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 13-16367

MEMORANDUM OPINION

Appellant David Torres appeals the revocation of his deferred adjudication community supervision. In his sole appellate issue, Torres argues that his plea of "true" during the revocation proceeding was not freely and voluntarily made because the trial court did not follow the plea bargain agreement concerning his punishment. We affirm the trial court's judgment.

1

## BACKGROUND

Pursuant to a plea bargain agreement, Torres pleaded guilty to burglary of a habitation. The trial court found the evidence sufficient to find Torres guilty, but deferred further proceedings and placed Torres on community supervision for five years. The State subsequently filed a motion to revoke Torres's unadjudicated community supervision, and Torres pleaded "true" to one violation of the conditions of his community supervision. The trial court found that Torres violated the conditions of his community supervision, found Torres guilty of burglary of a habitation, and assessed punishment at eighteen years of confinement.

## ISSUE

In his sole issue, Torres contends that the trial court's refusal to follow the plea bargain agreement upon revocation rendered his plea of "true" to the violations of the terms of his community supervision involuntary. Torres contends that a plea bargain agreement provided that the trial court would sentence him to ten years of confinement upon conviction. According to Torres, because the trial court declined to follow the plea bargain agreement and instead sentenced him to eighteen years of confinement, the trial court should have permitted him to withdraw his plea of "true." Specifically, Torres argues that "[a] plea of true to a

violation of probation in a revocation hearing is similar to a plea of guilty. The plea must be made knowingly, voluntarily[,] and with advice of counsel."

Torres cites Article 26.13(a)(2) of the Texas Code of Criminal Procedure, *Myers v. State*, 623 S.W.2d 397 (Tex. Crim. App. 1981), *Ex Parte Shuflin*, 528 S.W.2d 610 (Tex. Crim. App. 1975), and *Brady v. U.S.*, 397 U.S. 742 (1970) in support of his argument. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West Supp. 2013). However, none of these authorities deals with the situation presented in this case, *i.e.*, a purported plea bargain agreement pertaining to sentencing upon revocation of deferred adjudication community supervision. *See Brady*, 347 U.S. at 743-44; *Myers*, 623 S.W.2d at 398; *Shuflin*, 528 S.W.2d at 611; *see also* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2).

The Court of Criminal Appeals has explained that "in the context of revocation proceedings, the legislature has not authorized binding plea agreements, has not required the court to inquire as to the existence of a plea agreement or admonish the defendant pursuant to [article] 26.13, and has not provided for withdrawal of a plea after sentencing." *Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003). "Even if the parties purport to have a plea bargain as to the sentence to be assessed after adjudication, the trial court is not bound by the rules that apply to plea bargains at an original sentencing; . . . 'once the trial court

3

proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits.'" *Ex parte Huskins*, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005) (quoting *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999)).

The eighteen-year sentence imposed by the trial court was within the range of punishment authorized by statute. *See* Tex. Penal Code Ann. § 12.33 (West 2011) (The range of punishment for a second-degree felony is two to twenty years of confinement and a fine not to exceed $10,000.); *Id.* § 30.02(a)(1), (c)(2) (Burglary of a habitation is a second-degree felony.). The trial court was not obligated to follow the purported plea-bargain agreement as to what Torres's punishment would be upon revocation, nor was the trial court obligated to permit Torres to withdraw his plea of "true" to the alleged violation of the terms of his community supervision. *See Ex parte Huskins*, 176 S.W.3d at 819; *Gutierrez*, 108 S.W.3d at 309-10. Accordingly, we overrule Torres's issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on February 27, 2014
Opinion Delivered March 12, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.