

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00249-CR
No. 07-17-00250-CR
No. 07-17-00251-CR

CARLOS OLEANDER EVANS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court Nos. 73,165-C; 73,166-C; and 73,675-C
Honorable Ana Estevez, Presiding

October 25, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant, Carlos Olander[1] Evans, Jr., appeals his convictions for aggravated assault with a deadly weapon.[2] We affirm the judgments of the trial court.

---

[1] We note that the record reflects the correct spelling of appellant's middle name is "Olander," but the judgments in Cause Numbers 73,165-C and 73,166-C show it as "Oleander," and the judgment in Cause Number 73,675-C shows it as "Orlander."

[2] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

## Background

Appellant entered an open plea of guilty to three separate indictments for aggravated assault with a deadly weapon. The trial court found him guilty and assessed punishment at ten years' imprisonment in each case, to run concurrently. In each of the three judgments, the heading "Findings on Deadly Weapon" is marked "N/A." The trial court later signed three judgments *nunc pro tunc* in which the "N/A" was changed to "YES, A FIREARM." Appellant filed a motion to vacate the judgments. The trial court denied the motion and appellant brought this appeal, in which he raises three issues challenging the law on deadly-weapon findings.

## Analysis

### Void for Vagueness

In his first issue, appellant submits that the law giving trial judges the discretion whether to make deadly-weapon findings is unconstitutionally vague. Specifically, appellant contends that there are no guiding principles on how a trial court's discretion is to be exercised in cases where, as here, a deadly weapon was necessary to elevate the offense to a felony and community supervision is not an option due to appellant's prior felony conviction. This lack of "guiding principles," appellant argues, makes the law unconstitutionally vague as applied to defendants convicted of aggravated assault with a deadly weapon and deprives them of due process. He requests that we reform the judgments to delete the deadly-weapon findings.

When we review the constitutionality of a statute, we begin with the presumption that the statute is valid and the legislature did not act unreasonably or arbitrarily in

2

enacting it. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). The party who challenges the constitutionality of a statute bears the burden of proof. *Id.* We will uphold a statute if it can be reasonably construed in a manner that renders it constitutional. *See Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979).

Appellant was convicted under section 22.02(a) of the Texas Penal Code, which provides that aggravated assault may be committed where the defendant "uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a). The three indictments at issue accused appellant of aggravated assault with a deadly weapon, and appellant pleaded guilty to aggravated assault with a deadly weapon. If the factfinder affirmatively finds that a deadly weapon was used or exhibited in the offense, then the trial court must enter the affirmative finding in the judgment. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2) (now codified at TEX. CODE CRIM. PROC. ANN. art. 42A.054(b)-(d)) (West 2018). However, even where, as here, the defendant was found guilty of an offense in which the use of a deadly weapon was a charged or necessary element, the trial judge still has the discretion to decline to make a deadly-weapon finding. *Guthrie-Nail v. State*, 506 S.W.3d 1, 6 (Tex. Crim. App. 2015). In this case, the trial judge made deadly-weapon findings in the three *nunc pro tunc* judgments.

When an inmate is serving a sentence for which the judgment contains such an affirmative finding, that inmate "is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less . . . ." TEX. GOV'T CODE ANN. § 508.145(d)(2) (West Supp. 2018). Therefore, a deadly-weapon finding, while not part of the sentence, nonetheless affects appellant's eligibility for parole. *Ex parte Huskins*,

3

176 S.W.3d 818, 820-21 (Tex. Crim. App. 2005) ("While a deadly-weapon finding does affect a defendant's eligibility for probation and parole, it does not alter the range of punishment to which the defendant is subject, or the number of years assessed. A deadly-weapon finding may affect how the sentence is served, but it is not part of the sentence.").

"A statute or ordinance is unconstitutionally vague if the persons regulated by it are exposed to an unreasonable risk or detriment without fair warning or if it invites arbitrary and discriminatory enforcement by its lack of guidance to those charged with its enforcement." *Noble v. State*, No. 07-16-00105-CR, 2017 Tex. App. LEXIS 9792 at *5 (Tex. App.—Amarillo Oct. 18, 2017, pet. ref'd) (mem. op., not designated for publication). Here, appellant does not raise concerns about lack of notice of the elements of the charged offense, but rather about its alleged arbitrary enforcement.

To successfully challenge the constitutionality of a statute under the Due Process Clause, where no First Amendment rights are implicated, appellant must show that a statute is vague in all of its applications, i.e., that it has no legitimate applications. *Sanchez v. State*, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999). For a statute to be held vague in all its applications, it must necessarily be vague as applied to the particular defendant; therefore, if the statute is not vague as applied to appellant's conduct, the due process challenge necessarily fails. *Id.*

Appellant contends that because the law provides no guiding principles on when to impose a deadly-weapon finding, a trial court's decision to make such a finding "cannot be anything but arbitrary." However, appellant has failed to explain how the law on deadly

4

weapon findings is unconstitutional—specifically, that it "invites arbitrary and discriminatory enforcement"—as applied to his particular conduct. Appellant pleaded guilty to three charges of aggravated assault with a deadly weapon. The trial court made findings that appellant "used or exhibited a deadly weapon" in connection with each offense. The trial court had the discretion to make the findings, and the findings are supported by the record. Appellant's conclusory statements in his brief fail to illuminate how the statute encouraged arbitrary or discriminatory enforcement as applied to him in this case. Because appellant has not met his burden of establishing that the statute is unconstitutional as applied to him, we overrule his first issue.

Denial of Equal Protection

In his second and third issues, appellant contends that since there are no standards to guide judicial discretion in adding a deadly weapon finding to a conviction of aggravated assault with a deadly weapon, defendants such as himself are deprived of equal protection under the Fourteenth Amendment to the U.S. Constitution and under Article I, section 3, of the Texas Constitution. The federal and Texas equal protection provisions are analyzed the same way. *See Cannady v. State*, 11 S.W.3d 205, 215 (Tex. Crim. App.), *cert. denied*, 531 U.S. 850, 121 S. Ct. 125, 148 L. Ed. 2d 80 (2000).

Appellant concedes that people convicted of criminal offenses are not a suspect class for equal protection purposes. We therefore review the law on deadly weapon findings to determine whether it rationally relates to a legitimate government purpose. *Kadrmas v. Dickinson Pub. Sch.*, 487 U.S. 450, 457-58, 108 S. Ct. 2481, 101 L. Ed. 2d 399 (1988); *Black v. State*, 26 S.W.3d 895, 896-97 (Tex. Crim. App. 2000) (per curiam).

According to appellant, the law is irrational because it vests the trial court with unfettered discretion on when to make a deadly-weapon finding. In one aggravated assault with a deadly weapon case, a court could make an affirmative finding that a deadly weapon was used, while in another, the court could decline to make such a finding. The defendants in these two hypothetical cases would then face dissimilar courses of punishment, in that their eligibility for probation and parole would differ. *See Neal v. Thaler*, No. A-09-CA-830-LY, 2010 U.S. Dist. LEXIS 52742, at *11 (W.D. Tex. May 26, 2010) ("The deadly weapon finding bears upon the issue of punishment, namely the availability of court-ordered probation, as well as the issue of parole eligibility."). Appellant contends this distinction is arbitrary.

The equal protection clause requires "that persons similarly situated be accorded similar treatment," not that all persons be treated identically. *Eiland v. Wolf*, 764 S.W.2d 827, 836 (Tex. App.—Houston [1st Dist.] 1989, writ denied). Because individuals who commit aggravated assault with a deadly weapon are subject to the same statutory scheme, similarly situated defendants are similarly treated for equal protection purposes. *See Lawton v. State*, 913 S.W.2d 542, 560 (Tex. Crim. App. 1995) (no equal protection violation where those committing the same offense on the same day are subject to the same statutory scheme). The potential for varying punishments within that statutory scheme does not equate to a violation of appellant's equal protection rights. *See, e.g., Wasman v. United States*, 468 U.S. 559, 563, 104 S. Ct. 3217, 82 L. Ed. 2d 424 (1984) ("It is now well established that a judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence."); *Quick v. State*, Nos. 14-15-01066-CR, 14-15-01067-CR, 14-15-01068-CR, 2018 Tex. App. LEXIS 5711 at *37

(Tex. App.—Houston [14th Dist.] July 26, 2018, no pet. h.) (trial court has wide latitude in setting punishment, and trial court generally has discretion to impose any punishment within the prescribed range, subject to a gross-disproportionality review); *Jimenez v. State*, 298 S.W.3d 203, 211 (Tex. App.—San Antonio 2009, pet. ref'd) ("different sentencers assess different punishments, and trial judges are afforded broad discretion in sentencing."). We conclude that appellant has not demonstrated that the law on deadly-weapon findings violates his right to equal protection.

Conclusion

Having overruled appellant's three issues on appeal, we affirm the trial court's judgments.

Judy C. Parker
Justice

Do not publish.