# NO. 12-19-00313-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TODD DAWAYNE STURGIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Todd Dawayne Sturgis appeals his conviction for evading arrest. In one issue, he argues that the evidence is legally insufficient to support the trial court's finding that he used or exhibited a deadly weapon during the commission of the offense. We affirm.

## BACKGROUND

Appellant was indicted for evading arrest in a vehicle, a third degree felony.[1] The indictment further alleged that Appellant had a previous felony conviction and used or exhibited a deadly weapon, to wit: a motor vehicle, during the commission of the offense.[2] Appellant elected to enter a plea of "guilty" to the charge of evading arrest and a plea of "true" to the allegation that he has a previous conviction, but "not true" to the allegation that he used or exhibited a deadly weapon during the commission of the offense.

At a plea hearing, the trial court accepted Appellant's plea of "guilty" and plea of "true" to the enhancement allegation, ordered a presentence investigation, and set a separate hearing on punishment. The State called Jeremy Charvoz, the Lufkin Police Department (LPD) officer from whom Appellant evaded arrest, to offer evidence about the deadly weapon allegation. The State

---

[1] *See* TEX. PENAL CODE ANN. § 38.04 (b)(2)(A) (West 2016).

[2] *Id.* § 1.07 (a)(17) (West Supp. 2020), § 12.42 (b) (West 2019).

offered and the trial court admitted Charvoz's body camera, in car video, and audio footage from the offense. Additionally, the State called LPD Officer Lonnie Dodd, who testified about the circumstances surrounding Appellant's eventual arrest for evading arrest and other offenses. Appellant called two witnesses, his mother and girlfriend, who testified about Appellant's background, substance abuse issues, and character.

At the conclusion of the punishment hearing, the trial court found the allegation that Appellant used or exhibited a deadly weapon to be "true" and sentenced him to imprisonment for twelve years. This appeal followed.

## DEADLY WEAPON FINDING

In one issue, Appellant contends that the evidence is insufficient to support the trial court's finding that he used or exhibited a deadly weapon and asks that we reform the judgment to delete the deadly weapon finding.[3]

## Standard of Review and Applicable Law

When there is a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing ***Jackson v. Virginia***, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979)) (concluding the ***Jackson*** standard "is the only standard that a reviewing court should apply" when examining the sufficiency of the evidence). The factfinder is the sole judge of the witnesses' credibility and weight to be given to their testimony. ***Tate v. State***, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). The factfinder may draw multiple reasonable inferences so long as each inference is supported by the evidence admitted at trial. ***Id.*** Accordingly, we must defer to the factfinder's determination of weight and credibility of the witnesses' testimony. *See **Brooks***, 323 S.W.3d at 899. Under this standard, we may not

---

[3] A deadly weapon finding is not part of a sentence. ***Ex Parte Huskins***, 176 S.W.3d 818, 820–21 (Tex. Crim. App. 2005); ***State v. Ross***, 953 S.W.2d 748, 751 (Tex. Crim. App. 1997). While a deadly weapon finding does affect a defendant's eligibility for probation and parole, it does not alter the range of punishment to which the defendant is subject or affect the number of years assessed. ***Huskins***, 176 S.W.3d at 821; *see* TEX. CODE CRIM. PROC. ANN. ART. 42A.054(b)(1)(A) (West Supp. 2020) (providing that community supervision is not available to a defendant when it is shown that a deadly weapon was used or exhibited during the commission of a felony offense); *see also* TEX. GOV'T CODE ANN. § 508.145(d)(1)(B)(2) (West Supp. 2020) (providing that an inmate whose judgment of conviction contains a deadly weapon finding is not eligible for parole until his actual calendar time served, without consideration of good conduct time, equals the lesser of one-half of the sentence or thirty calendar years).

substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *See id.*; *see also* **Dewberry v. State**, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we defer to the factfinder's resolution of conflicting evidence unless the resolution is not rational. *See* **Brooks**, 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. **Clayton v. State**, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. **Hooper v. State**, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented supports a conclusion that the defendant committed the crime charged. *See* **Williams v. State**, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

By statute, a motor vehicle is not a deadly weapon *per se*, but can be found to be a deadly weapon if used in a manner that is capable of causing death or serious bodily injury. *See* TEX. PENAL CODE ANN. § 1.07(17)(B) (West Supp. 2020) ("Deadly weapon means...anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."). Specific intent to use a motor vehicle as a deadly weapon is not required. **Drichas v. State**, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). When it is alleged that a motor vehicle was used as a deadly weapon, an affirmative finding of a deadly weapon is appropriate on a sufficient showing of actual danger, such as evidence that another motorist was on the highway at the same time and place as the defendant when the defendant drove in a dangerous manner. *See id.* at 799. The court of criminal appeals has explained that it "does not suggest that a defendant should be charged with using a vehicle as a deadly weapon every time the offense of evading arrest or detention is committed[,]" rather, it is a fact-specific inquiry. *Id.*

**Discussion**

Appellant argues that the evidence is insufficient to support the trial court's finding that he used the motor vehicle in a manner that was capable of causing serious bodily injury or death. Appellant is correct that the evidence must show that the motor vehicle posed an actual danger of death or serious bodily injury to someone other than Appellant in order to sustain an affirmative finding that the motor vehicle was used as a deadly weapon. **Drichas**, 175 S.W.3d at 799. Thus,

in the present case, the State had to show that Appellant used his vehicle in a manner capable of causing death or serious bodily injury while evading arrest or detention. *See id.*

At the hearing, Charvoz testified to Appellant's use of the vehicle during the commission of the offense. And as previously noted, the footage from Charvoz's body camera, in car video, and audio was admitted into evidence. Charvoz testified, and the footage confirms, that he and another LPD officer, Zack Klein, initiated a traffic stop of Appellant's vehicle.[4] Appellant pulled his vehicle into a convenience store parking lot at approximately 3:00 p.m. Charvoz testified that several people were at the convenience store using gas pumps, and several vehicles were in the parking lot, including a vehicle on each side of Appellant's vehicle. Charvoz and Klein approached Appellant, told him he was under arrest for outstanding warrants, and asked him to exit the vehicle. Appellant refused and Charvoz opened the door to pull Appellant from the vehicle and place him under arrest. While Charvoz's hand was in the door and he was leaning into the driver's side of the vehicle, Appellant shifted the vehicle in reverse and abruptly backed up, narrowly missing Klein's patrol vehicle. On Charvoz's camera footage, Appellant's tires can be heard screeching as he backs up.

Charvoz moved his body to avoid Appellant's vehicle, and Appellant drove around the convenience store parking lot and the corner of the building, maneuvering between a parked, unoccupied vehicle and the building. Klein was unable to follow Appellant's path, but Charvoz pursued Appellant by taking a different route out of the parking lot. Charvoz observed Appellant drive through a ditch on his way out of the parking lot. Appellant entered the roadway and ran a red light. Charvoz activated his vehicle's lights and sirens and pursued Appellant. Appellant cut through several ditches and made several turns, passing through roadway intersections, until he finally pulled his vehicle into the driveway of a residence. After pulling into the driveway, Appellant hit a tree and went through a barbed wire fence on the property before coming to a stop. Appellant exited the vehicle and fled into the woods. Charvoz testified he was unable to locate Appellant but that Appellant was later arrested for evading arrest and outstanding warrants. Charvoz testified that he was in fear of serious bodily injury or death when Appellant

---

[4] Initially, Charvoz and Klein were dispatched to a disturbance at Appellant's girlfriend's home. Upon arrival, Charvoz testified that Klein told him the disturbance was verbal, and Appellant had agreed to leave the home. Charvoz testified that while Appellant was in the process of leaving, Klein discovered that Appellant had outstanding warrants for felony offenses, which led to Klein and Charvoz following Appellant to place him under arrest.

reversed his vehicle and almost struck him. He was likewise concerned for the safety of the public during the pursuit because of Appellant's unsafe driving.

On appeal, Appellant argues that the evidence does not support a deadly weapon finding because it does not show that he used the motor vehicle in a manner that placed anyone in actual danger. In support of this argument, Appellant contends that his "door in fact did close and [Appellant's] vehicle backed away without the officers being in the path of the door or the vehicle itself." Appellant also argues that the evidence did not show that his use of the motor vehicle presented actual danger to any members of the public because the vehicle Appellant squeezed by in the parking lot was unoccupied. Appellant acknowledges that the evidence shows his driving was "erratic and inappropriate," but he maintains that his driving did not present any actual danger to the officers or the general public. In support of this argument, Appellant cites several cases holding the evidence insufficient to support a finding that a motor vehicle was a deadly weapon. However, those cases are based upon facts distinguishable from the facts of this case. *See Couthren v. State*, 571 S.W.3d 786, 794 (Tex. Crim. App. 2019) (evidence insufficient to sustain deadly weapon finding where appellant struck an intoxicated pedestrian who stepped in front of his vehicle because no evidence was presented about the manner in which the appellant was driving when the collision occurred); *see also Clark v. State*, 573 S.W.3d 367, 373 (Tex. App.—Beaumont 2019, no pet.) (speeding and rolling through stop signs insufficient to support finding that vehicle was used as deadly weapon where no other traffic was on roadway and officer in pursuit kept some distance behind the appellant); *Foley v. State*, 327 S.W.3d 907, 917 (Tex. App.—Corpus Christi 2010, pet. ref'd) (evidence insufficient to sustain deadly weapon finding where defendant crashed his vehicle into road barrier but no other motorists on roadway at time of crash).

The relevant inquiry is whether Appellant used the motor vehicle during the commission of the offense in such a manner that it was capable of causing death or serious bodily injury. *Drichas*, 175 S.W.3d at 799-800. Capability is evaluated based on the circumstances that existed at the time of the offense. *Id.* The evidence need not show that death or serious bodily injury was probable or that others were in the "zone of danger." *See id.* In the present case, Appellant abruptly backed up his vehicle, causing his tires to screech, while Charvoz had his hand on the open driver's side door and was leaning in the driver's side of the vehicle. Charvoz had to move out of the way of Appellant's vehicle to avoid being struck. Further, the evidence

5

demonstrates that Appellant disregarded a red light and drove through several ditches to evade Charvoz while other motorists where present on the roadway. Thus, the evidence shows that the manner in which Appellant drove his vehicle placed Charvoz and other motorists in danger of death or serious bodily injury. *See id.* (evidence sufficient to sustain deadly weapon finding where the appellant pulled out of gas station parking lot abruptly cutting off an officer and fled at a high rate of speed leading officers on high speed chase during which the appellant disregarded traffic signals, wove between lanes, knocked down barricades and drove on wrong side of road with traffic present); *see also **Mann v. State***, 58 S.W.3d 132 (Tex. Crim. App. 2001) (evidence sufficient to sustain deadly weapon finding where the appellant narrowly avoided a head on collision because the other vehicle took evasive action). Therefore, viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that the manner in which Appellant drove his car during the offense placed others in actual danger of death or serious bodily injury. *See **Brooks***, 323 S.W.3d at 912. Because the evidence is sufficient to support a deadly weapon finding, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered January 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 21, 2021**

**NO. 12-19-00313-CR**

**TODD DAWAYNE STURGIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2018-0768)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*