

# Fourth Court of Appeals

## San Antonio, Texas

## CONCURRING OPINION

No. 04-22-00619-CR

Bryan William **COLUMBUS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 639308
Honorable Timothy Johnson, Judge Presiding

Opinion by: Lori Massey Brissette, Justice
Concurring Opinion by: Rebeca C. Martinez, Chief Justice
Concurring Opinion by: Lori I. Valenzuela, Justice
Dissenting Opinion by: Velia J. Meza, Justice

Sitting en banc: Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice
                H. Todd McCray, Justice
                Velia J. Meza, Justice

Delivered and Filed: June 30, 2025

Based on the current state of the law, the majority decides that the affirmative finding of

family violence is not a part of the sentence. I concur, but write separately to draw attention to the

mandatory fine and collateral consequences associated with the affirmative finding of family violence.

In this case, after a jury trial, an affirmative finding of family violence was included in the judgment despite there being no oral pronouncement by the trial court. The relevant facts follow. Appellant was charged with an assault on his common-law wife, Amber. Appellant testified and asserted a self-defense claim. Amber did not testify. Appellant was found guilty of the charge. At the conclusion of the punishment phase, the trial court imposed a detailed sentence,[1] including a fine and court costs, and a probated term of incarceration. The trial court also required appellant to complete several programs, including a batterer intervention prevention program and a parenting class. However, no affirmative finding of family violence was orally pronounced by the trial court, and the trial court did not impose the $100 mandatory fine imposed when there is an affirmative finding of family violence, and the terms of the sentence are probated. *See* TEX. CODE CRIM. PROC. art. 42A.504(b).

Under article 42A.504 of the Code of Criminal Procedure, when a defendant is placed on community supervision for certain offenses involving family violence as defined in the Family Code, "the judge *shall* require the defendant to pay a *fine* of $100 to a family violence center[.]" *id.* (emphasis added). Because the legislature used mandatory language in requiring the $100 punitive fine when an affirmative finding of family violence is imposed, and because a fine is undoubtedly part of the sentence, it only makes sense that an affirmative finding of family violence should be a part of a trial court's oral pronouncement of the sentence in the presence of the defendant. *See* TEX. CODE CRIM. PROC. art. 42.02 ("The sentence is that part of the judgment . . .

---

[1] For example, when specifically asked about the imposition of a no contact order for Amber, the trial court responded, "You know, [Amber] didn't show up and didn't cooperate with you. So, if she needs a no contact order I will let her contact you all and you all can ask the [trial court] to amend it."

that orders that the punishment be carried into execution in the manner prescribed by law."); *Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022) ("A fine is punitive in nature and is part of a defendant's sentence."); *see also* TEX. GOV'T CODE § 311.016(2) ("'Shall' imposes a duty.").

The majority, based on *Burg*, rightly illustrates that there are certain things that make a sentence legal or illegal. *See Burg v. State*, 592 S.W.3d 444, 450–51 (Tex. Crim. App. 2020). The *Burg* Court refers to the things that make a sentence legal as things "in" a closed curve, as opposed to things that render a sentence illegal, which are things "out" of the same closed curve. *See id.* Among the things that are clearly "in" the closed curve enumerated by the Court is a punitive fine. *See id.* Therefore, I would hold that, under *Burg*, the mandatory punitive fine that accompanies the affirmative finding of family violence renders the finding itself akin, if not with– "in" the curve of what constitutes a legal sentence.

Nevertheless, I cannot ignore that the *Burg* Court's list, albeit informative, does not specifically include an affirmative finding of family violence. I do, however, find it instructive that the Court chose to use a curve as the divider as opposed to a rigid "line in the sand" or "fork in the road," which would have created a clear demarcation on both sides. On this point, I disagree with the majority's simple comparison of a jury's affirmative finding of a deadly weapon after punishment and a judge's finding of family violence after guilt or innocence. And, reaching beyond the facts of this single case and into potentially countless analogous cases, the critical difference between the two findings is that a deadly weapon finding does not carry the same mandatory punitive fine outlined by statute.

Using the facts in *Columbus* as an example, a trial court could choose not to make an oral pronouncement of an affirmative finding of family violence for an endless number of reasons,

including, but not limited to, an appellant's assertion of self-defense or the lack of testimony from a complainant. A trial court could believe that the threshold for family violence was not met as defined by the Family Code, where the trial court finds an act was *intended* to cause the injury, but does not include defensive measures to protect oneself. *See* TEX. FAM. CODE § 71.004(1). Whatever the reason, we cannot assume a trial court's intentions. Nor should we.

Moreover, aside from the fine, a trial court could decide that the endless possible legal collateral consequences of the affirmative finding of family violence are not warranted given the facts and evidence presented at trial. For brevity, I will highlight a few of the possible consequences flowing from such a finding. An affirmative finding of family violence can be used to secure a protective order. Violating a protective order can lead to criminal consequences. TEX. PENAL CODE § 25.07; TEX. FAM. CODE § 85.022. Those criminal consequences potentially include fines and incarceration. A person's civil case, including custody and spousal maintenance, could be altered. Singularly, but especially when combined, these collateral consequences could affect a person's future, including but not limited to, child custody, possession of a weapon, fines, and incarceration. Therefore, the weight of the affirmative finding of family violence exceeds a mere finding. It is a part of the sentence. *See* TEX. CODE CRIM. PROC. art. 42.02.

The Texas Court of Criminal Appeals has decided that the deadly weapon finding is not part of a sentence. *See Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005) ("A deadly-weapon finding may affect how the sentence is served, but it is not part of the sentence."). Although synonymous in some ways to the deadly weapon finding, as outlined above, the affirmative finding of family violence can be distinguished and warrants separate review. I invite the Texas Court of Criminal Appeals to evaluate this specific issue and provide guidance and clarity to this court, our

sister appellate courts, and the many trial courts that face this issue daily throughout this State. For this reason, I concur.

Lori I. Valenzuela, Justice