

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00006-CR
_____

ANTWAIN JAMAR TUTSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 66,888-E; Honorable Douglas R. Woodburn, Presiding

July 9, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

On June 12, 2013, pursuant to a plea of guilty, Appellant, Antwain Jamar Tutson, was convicted of possession of a controlled substance in an amount of one gram or more,

but less than four grams,[1] enhanced by a prior felony conviction.[2]  The agreed-upon plea recommendation was that he be sentenced to thirteen years confinement, with an affirmative finding regarding the use of a deadly weapon, and be assessed a $1,000 fine. In the summary portion of the original *Judgment of Conviction by Court—Waiver of Jury Trial*, "N/A" appears under "<u>Findings on Deadly Weapon</u>."  The next page of the judgment, however, reflects a special finding as follows:  "[t]he Court finds that the deadly weapon was a firearm."

On March 9, 2015, the trial court signed a *Nunc Pro Tunc Judgment of Conviction by Court—Waiver of Jury Trial* adding "YES, A FIREARM" in the summary portion of the judgment under "<u>Findings on Deadly Weapon</u>."  Over the next several years, proceeding *pro se*, Appellant filed two motions requesting that the deadly-weapon finding be deleted from the judgment nunc pro tunc.[3]  On November 7, 2017, the trial court entered an order denying Appellant's request to delete the deadly-weapon finding.  Appellant then filed a writ of habeas corpus returnable to the Texas Court of Criminal Appeals on July 2, 2018. Relief was granted on December 19, 2018, in the form of an out-of-time appeal solely to challenge the trial court's entry of the 2015 judgment nunc pro tunc.  Counsel was appointed and a timely notice of appeal was filed.  In presenting this appeal, counsel has

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115 (a), (c) (West 2017).  As charged, the offense was a third degree felony.  *Id.*

[2] A third degree felony is punishable as a second degree felony when enhanced by a prior felony conviction.  TEX. PENAL CODE ANN. § 12.42(a) (West 2019).  An offense "punished as" a higher offense raises the level of punishment, not the degree of the offense.  *Oliva v. State,* 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018).

[3] Appellant's attempt to obtain a writ of mandamus against Judge Woodburn to rule on his *pro se* motions was dismissed by this court.  *In re Tutson*, 07-17-00405-CV, 2017 Tex. App. LEXIS 10394, at *3-4 (Tex. App.—Amarillo Nov. 7, 2017, orig. proceeding) (mem. op.).

filed an *Anders*[4] brief in support of a motion to withdraw. We affirm the trial court's 2015 judgment and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a timely response. Neither did the State favor us with a brief.

---

[4] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

## BACKGROUND

By information, Appellant was charged with intentionally or knowingly possessing methamphetamine in an amount of more than one gram but less than four grams, enhanced by a prior felony conviction. The information contained a deadly-weapon notice advising Appellant of the State's intent to seek a deadly-weapon finding on use or exhibition of a firearm during the commission of the primary offense.

At Appellant's guilty plea hearing in 2013, he acknowledged in his judicial confession that everything in the information was true and correct. Also at the hearing, the prosecutor recommended a thirteen-year sentence, a $1,000 fine, and "an affirmative finding on use of a deadly weapon." When asked by the trial court whether the allegation that he used or exhibited a firearm was true or untrue, Appellant answered, "[i]t's true, sir." In orally pronouncing sentence, the trial court announced as follows:

> I will accept the State's recommendation. . . . I sentence you to serve 13 years in the Texas Department of Corrections, Institutional Division; and in 66,888, I order you to pay a $1,000 fine . . . .

## APPLICABLE LAW

A deadly-weapon finding is not part of a defendant's sentence and need not be orally pronounced. *Ex parte Huskins*, 176 S.W.3d 818, 820-21 (Tex. Crim. App. 2005). However, for a deadly-weapon finding to be effective, there must be an "express" determination. *Guthrie-Nail v. State*, 506 S.W.3d 1, 4 (Tex. Crim. App. 2015) (noting that in a bench trial, the trial judge need not include a deadly-weapon finding in the oral pronouncement if the charging instrument alleged a deadly weapon). A deadly-weapon finding may be included for the first time in a written judgment. *See id. See also Ex parte*

*Empey*, 757 S.W.2d 771, 774 (Tex. Crim. App. 1988). A trial court does not err by including a deadly-weapon finding in its judgment when it has determined that the defendant used a deadly weapon in the commission of the offense. *See Philley v. State*, No. 07-16-00350-CR, 2017 Tex. App. LEXIS 10131, at *15 (Tex. App.—Amarillo Oct. 26, 2017, no pet.) (mem. op., not designated for publication). *See also Sanchez v. State*, No. 07-17-00063-CR, 2018 Tex. App. LEXIS 5414, at *4-5 (Tex. App.—Amarillo July 17, 2018, pet. ref'd) (mem. op., not designated for publication).

### ANALYSIS

By the *Anders* brief, counsel candidly explains that there was no error in the trial court's entry of a judgment nunc pro tunc to correct an error in the original judgment because the trial court made an express determination that Appellant used or exhibited a firearm during commission of the offense when it included in its original judgment a finding that "the deadly weapon was a firearm." *See Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985). Additionally, both the charging instrument and the *Written Plea Admonishments* gave Appellant notice of the State's intent to seek a deadly-weapon finding as a part of Appellant's negotiated plea bargain agreement. *Cf. id.* at 395 (deleting deadly-weapon finding because it was not mentioned in the indictment and a knife is not a deadly weapon per se).

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After

5

reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

The trial court's *Nunc Pro Tunc Judgment of Conviction—Waiver of Jury Trial* is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.